1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  State of California Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, CA 92101-8893
5  Telephone: (619) 557- 7157
   Facsimile:  (619) 557-5004
6

7  Attorneys for Defendant

8

9                    UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11  UNITED STATES OF AMERICA            )    Case No.
                                        )
12                   Petitioner,        )    PETITION TO ENFORCE INTERNAL
                                        )    REVENUE SERVICE SUMMONSES
         v.                             )
13                                      )
                                        )    Date:   June 2, 2008
14  LARRY K. FITCH,                     )    Time:  10:30 a.m.
                                        )    Crtrm: 1
15                   Respondent.        )    The Honorable Irma E. Gonzalez
    _____)
16

17

18        Petitioner, the United States of America, by and through its counsel, Karen P. Hewitt, United

19  States Attorney, and Raven M. Norris, Assistant United States Attorney, petitions the Court for an order

20  to enforce the Internal Revenue Service summonses described below and, in support thereof, alleges as

21  follows:

22        1.    This proceeding is brought at the request of the Chief Counsel, Internal Revenue Service,

23  a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United

24  States.

25        2.    Jurisdiction over these proceedings is conferred upon this Court by Internal Revenue

26  Code 26 U.S.C. §§ 7402(b) and 7604(a) and 28 U.S.C.§ 1345.

27        3.    Venue is proper in the Southern District of California because Respondent,

28  Larry K. Fitch, resides in this district.

1       4.     At all times relevant, S. Silverman, who issued the summonses to Respondent, was a

2    Revenue Officer with the Internal Revenue Service (hereinafter "IRS"), employed in the Small

3    Business/Self-Employed Division, San Diego, California.   See Declaration of Revenue Officer S.

4    Silverman at ¶ 1 (hereinafter "Silverman Decl."). Revenue Officer S. Silverman was authorized to issue

5    an IRS summons pursuant to the authority contained in 26 U.S.C. § 7602, and Treas. Reg. § 301.7602-1.

6    See id.

7       5.     Respondent resides at 13848 Honnel Way, Jamul, California, 91935, which is within the

8    geographical jurisdiction of this Court.

9       6.     On June 21, 2005, Revenue Officer Silverman issued four IRS summonses directing

10    Respondent to appear before him on July 7, 2005, at 10:30 a.m. at 880 Front Street, San Diego,

11    California, to give testimony and to produce documents and records specified in each summons for

12    examination. The first summons relates to the unpaid assessed forms 941 and 940 employment tax

13    liabilities of CFC Form Works, Inc., a corporation of which Respondent is president, for the tax period

14    beginning October 1, 2000, an ending September 30, 2003, (hereinafter "CFCFW Collection

15    Summons"). The second summons relates to the continuing failure to file forms 1120 corporation

16    income tax returns for the tax years ending September 30, 2000, through September 30, 2003, by CFC

17    Form Works, Inc., (hereinafter "CFCFW Delinquent Return Summons"). Silverman Decl. at ¶ 3.

18    Copies of the summonses are attached to the Silverman Decl. as Exhibit A (CFCFW Collection

19    Summons) and Exhibit B (CFCFW Delinquent Return Summons). As discussed below, the additional

20    summonses issued by Revenue Officer Silverman have been superseded by new summonses issued in

21    April 2007. Revenue Officer Silverman served the summonses on the Respondent on June 22, 2005,

22    by personally handing an attested copy of each summons to respondent. Silverman Decl. at ¶ 4.

23       7.     On July 7, 2005, Respondent appeared and provided a copy of a family trust document

24    and certain 2005 bank statements for accounts in the name of Natalya Luzhnikova (also known as

25    Natalie Fitch), Respondent's wife. Respondent requested and was granted additional time to comply

26    with the summonses, until July 14, 2005. On July 14, 2005, Respondent and Natalie Fitch appeared and

27    provided an incomplete Internal Revenue Service form 1040 for the taxable year 2001, certain 2001

28    bank statements for the accounts in the name of a family trust, and a handwritten list of deposits.

1    Respondent did not provide any other documents or testimony required by the summonses.

2    Silverman Decl. at ¶ 5.

3           8.    On September 26, 2005, attorney Karen N. Sommers of the Office of Chief Counsel,

4    Internal Revenue Service, sent a letter to the Respondent providing him with another opportunity to

5    comply with the summonses and directing him to appear before Revenue Officer Silverman on October

6    14, 2005, at 10:00 a.m. at 880 Front Street, Room 3293, in San Diego, California. Silverman Decl. at

7    ¶ 6. On October 14, 2005, Respondent contacted Revenue Officer Silverman by telephone, stated he

8    had no documents in response to the summonses but requested a meeting with Revenue Officer

9    Silverman. Revenue Officer Silverman declined to meet with Respondent unless he had documents or

10    testimony to produce in compliance with the summonses. Id. at ¶¶ 6, 7. To date, Respondent has not

11    provided the other documents requested in the summons. Id.

12           9.    On April 3, 2007, Revenue Officer Silverman issued two new IRS summonses directing

13    Respondent to appear before him on April 24, 2007 at 880 Front Street, San Diego, California, in order

14    to give testimony and to produce documents and records specified in each summons for examination.

15    Revenue Officer Silverman was required to issue updated summonses as a result of the ongoing

16    investigation. The first summons relates to Respondent's continuing failure to file personal income tax

17    returns for the tax years 2001, 2002, 2003, 2004, and 2005 (hereinafter "Larry Fitch Delinquent Returns

18    Summons") and supersedes the prior issued 2005 summons relating to Respondent's failure to file

19    personal income tax returns for tax years 2001, 2002, 2003, and 2004. The second summons relates to

20    Respondent's liability for a trust fund recovery penalty assessed under I.R.C. § 6672 for the period

21    beginning March 1, 2001 and ending September 30, 2003 (hereinafter the "Larry Fitch Collection

22    Summons"). This summons supersedes the prior 2005 summons relating to the collection of the

23    Respondent's unpaid assessed personal income tax liability for the tax years 1992, 1995, and 1996, and

24    his assessed liability for a trust fund recovery penalty under I.R.C. § 6672 for the period ending

25    December 31, 2000. Silverman Decl. at ¶¶ 6, 8. Revenue Officer Silverman served the summonses on

26    the Respondent on April 11, 2007, by leaving an attested copy of each summons at his last and usual

27    place of abode. Silverman Decl. at ¶ 7. Copies of the summonses are attached to the Silverman Decl.

28    as Exhibit C (Larry Fitch Delinquent Returns Summons) and Exhibit D (Larry Fitch Collection

1   Summons). <u>Silverman Decl.</u> at ¶ 8.

2          10.    Respondent did not appear on April 24, 2007, and to date, has not provided the

3   documents requested in the summonses. <u>Silverman Decl.</u> at ¶ 8.

4          11.    All administrative steps required by the Internal Revenue Code for the issuance of a

5   summons have been taken. <u>Silverman Decl.</u> at ¶10.

6          12.    In order to obtain judicial enforcement of an IRS summons, the United States bears the

7   initial burden of showing "that the investigation will be conducted for a legitimate purpose, that the

8   inquiry may be relevant to the purpose, that the information sought is not already within the

9   Commissioner's possession, and that the administrative steps required by the Code have been

10  followed..." <u>United States v. Powell</u>, 379 U.S. 48, 57-58 (1964); <u>accord</u>, <u>United States v. Dynavac</u>,

11  6 F.3d 1407, 1414 (9th Cir. 1993). The burden on the Government is a "slight one" and may be satisfied

12  by presenting the declaration of the agent who issued the summons and is seeking enforcement. <u>Id.</u>

13  (citing <u>United States v. Abrahams</u>, 905 F.2d 1276, 1280 (9th Cir. 1990)(other citations omitted)). Once

14  a prima facie case has been made, "a heavy burden falls on the taxpayer" to show an abuse of the court's

15  process or lack of institutional good faith. <u>Dynavac</u>, 6 F.3d at 1414. The taxpayer "must allege specific

16  facts and evidence to support his allegations." <u>Liberty Financial Services v. Untied States</u>, 778 F.2d

17  1390, 1292 (9th Cir. 1985) (citation omitted). This matter may be decided on the written record in a

18  summary proceeding. <u>Hotz v. United States</u>, No. MISC-CV-F-95-32, 1996 WL 159695 at * 2 (E.D. Cal.

19  Jan. 9, 1996). To be entitled to an evidentiary hearing, a respondent must make some showing to refute

20  the United States' prima facie case or present facts supporting an affirmative defense. <u>See</u> <u>Fortney v.</u>

21  <u>United States</u>, 59 F.3d 117, 121 (9th Cir. 1995).

22         13.    Revenue Officer Silverman was conducting an investigation to determine Respondent's

23  ability to pay the trust fund recovery penalty liabilities assessed against him, to determine Respondent's

24  income tax liabilities for the years 2001 through 2005, to determine the collectibility of the assessed

25  employment tax liabilities of CFC Form Works, Inc. for tax periods from 2000 through 2003,and to

26  determine the income tax liabilities of CFC Form Works, Inc. for the tax years ending September 30,

27  2000, through September 30, 2003. <u>Silverman Decl.</u> at ¶ 2.

28         14.    The Internal Revenue Code specifically allows the issuance of a summons for the purpose

4

1    of "determining the liability of any person for any internal revenue tax...or collecting any such

2    liability..." 26 U.S.C.§ 7602(a).   Therefore, Revenue Officer Silverman's investigation is being

3    conducted pursuant to a legitimate purpose specifically authorized by statute.

4         15.     Further, with the exception of the items discussed above in paragraph 7, the books,

5    papers, records, or other data sought by the summonses are not already in the possession of the IRS, and

6    the administrative steps required by the Code, including proper service, have been followed. <u>Silverman</u>

7    <u>Decl</u>. at ¶¶ 4, 7, 9, and 10.

8         16.     Respondent is in possession and control of testimony and documents concerning the

9    above-described investigation.

10        17.     The Internal Revenue Code permits the Secretary to summon the records of any person

11    "which may be relevant or material" to the investigation. 26 U.S.C. § 7602(a)(1).  It is well-settled that

12    to satisfy the relevancy requirement set forth in <u>Powell</u>, the United States must demonstrate that the

13    summoned information may "throw light" on the subject of the investigation. <u>United States v. Arthur</u>

14    <u>Young & Co.</u>, 465 U.S. 805, 813-14, n. 11 (1984). This standard necessarily presents a low threshold

15    because of the inherent difficulties in ascertaining, prior to examination, how much use the summoned

16    records will be in determining the collectibility of a person's tax liability and whether a person has an

17    income tax liability for a specific period. The Supreme Court has observed that:

18       [a]s the language of §7602 clearly indicates, an IRS summons is not to be judged
         by the relevance standards used in deciding whether to admit evidence in federal
19       court . . . . The language "may be" reflects Congress' express intention to allow
         the IRS to obtain items of even <u>potential</u> relevance to an ongoing investigation,
20       without reference to its admissibility. The purpose of Congress is obvious: the
         Service can hardly be expected to know whether such data will in fact be relevant
21       until they are procured and scrutinized.

22    <u>Arthur Young & Co.</u>, 465 U.S. at 814 (internal citation omitted) (emphasis in original). This low

23    threshold of relevance also follows from the language of the Code, which authorizes the investigation

24    of persons who "may be liable" for taxes. 26 U.S.C. § 7601.

25        18.     Under the instant circumstances, it is clear that the summoned material is relevant.  One

26    purpose of Revenue Officer Silverman's investigation is to determine the collectibility of the forms 941

27    and 940 employment tax liabilities of CFC Form Works, Inc., for the period beginning October 1, 2000,

28    and ending September 30, 2003.  The CFCFW Collection Summons seeks, among other things, a " . .

1    . complete listing of all corporate assets . . ." <u>Silverman Decl.</u> at Exhibit A. The documents sought by

2    this summons are clearly relevant to the determination of the collectibility of CFC Form Works, Inc.

3    employment tax liabilities. Further, Revenue Officer Silverman's investigation must also determine the

4    corporation income tax liabilities of CFC Form Works, Inc., for the tax years ending September 30,

5    2000, through September 30, 2003. The delinquent returns summons seeks among other things books

6    and records. ". . . reflecting the receipt or accrual of all income and expenses . . ." <u>Silverman Decl.</u> at

7    Exhibit B. The documents sought by this summons are clearly relevant to the determination of CFC

8    Form Works, Inc. corporation income tax liabilities.    Another purpose of Revenue Silverman's

9    investigation is to determine Respondent's individual income tax liabilities for the taxable years 2001

10    through 2005. The Larry Fitch Delinquent Returns Summons seeks, among other things, information

11    ". . . reflecting the receipt of taxable income . . ." during the years 2001, 2002, 2003, 2004, and 2005.

12    <u>Silverman Decl.</u> at Exhibit C. The documents sought by the summons are clearly relevant to the

13    determination of Respondent's income tax liabilities for the taxable years 2001 through 2005. Finally,

14    Revenue Officer Silverman's investigation involves determining the ability of Respondent to pay the

15    trust fund recovery penalty liabilities assessed against him. The Larry Fitch Collection Summons seeks,

16    among other things, ". . . all bank statements, checkbooks, cancelled checks, savings account passbooks,

17    records, or certificates of deposit. . . ." <u>Silverman Decl.</u> at Exhibit D.  The documents sought by this

18    summons are clearly relevant to the determination of the collectibility of the income tax and trust fund

19    recovery penalty liabilities assessed against him.

20        19.    There is no Department of Justice referral for criminal prosecution in effect with respect

21    to Respondent or CFC Form Works, Inc. <u>Silverman Decl.</u> at ¶ 12.

22        WHEREFORE, the United States requests that:

23        1.    The Court enter an order directing Respondent, Larry K. Fitch, to show cause, if any,

24    why he should not comply with and obey the above-described summonses (<u>Silverman Decl.</u> at Exhibits

25    A, B, C, and D) served on him on June 22, 2005, and on April 11, 2007, and each and every requirement

26    thereof, by ordering the attendance, testimony, and production of books, papers, records, and other data

27    required and called for by the terms of the summonses before Revenue Officer S. Silverman, or any

28    other proper officer or employee of the Internal Revenue Service at such time and place as may be fixed

1   by Revenue Officer Silverman or any other proper officer or employee of the Internal Revenue Service.

2       2.      That the United States recover the costs and expenses incurred in maintaining this action

3   against the Respondent.

4       3.      That the Court grant such other and further relief as may be required.

5

6           Dated: March 21, 2008                    Respectfully submitted,

7                                                    KAREN P. HEWITT
                                                     United States Attorney
8

9                                                    RAVEN M. NORRIS
                                                     Assistant U.S. Attorney
10                                                   Email: Raven.Norris@usdoj.gov
                                                     Attorneys for Petitioner
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

The United States of America

**(b)**  County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number) 619-557-7157
Raven M. Norris, Assistant U.S. Attorney; Civil Division, Office of the
U.S. Attorney, 880 Front Street, Rm 6293, San Diego, CA 92101

## DEFENDANTS

Larry K. Fitch

08 MAR 21   PM 1: 25

County of Residence of First Listed Defendant  San Diego
(IN U.S. PLAINTIFF CASES ONLY)   CALIFORNIA

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

DEPUTY

Attorneys (If Known)

'08 CV 531  IEG CAB

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☒ 1  U.S. Government
     Plaintiff

☐ 2  U.S. Government
     Defendant

☐ 3  Federal Question
     (U.S. Government Not a Party)

☐ 4  Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|                                      | PTF | DEF |                                                              | PTF | DEF |
|--------------------------------------|-----|-----|--------------------------------------------------------------|-----|-----|
| Citizen of This State                | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State    | ☐ 4 | ☐ 4 |
| Citizen of Another State             | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                            | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|-------|--------------------|------------|----------------|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☒ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original
   Proceeding

☐ 2 Removed from
   State Court

☐ 3 Remanded from
   Appellate Court

☐ 4 Reinstated or
   Reopened

☐ 5 Transferred from
   another district
   (specify)

☐ 6 Multidistrict
   Litigation

☐ 7 Appeal to District
   Judge from
   Magistrate
   Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
26 U.S.C. §§ 7402(b) and 7604(a) and 28 U.S.C. § 1345

Brief description of cause:
Petition to Enforce Internal Revenue Summonses

## VII. REQUESTED IN
## COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S)
## IF ANY

(See instructions):   JUDGE

DOCKET NUMBER

DATE
03/21/2008

SIGNATURE OF ATTORNEY OF RECORD
Raven M. Norris, Civil Division
U.S. Attorneys Office

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

