1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  State of California Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, CA 92101-8893
5  Telephone: (619) 557-
   Facsimile:  (619) 557-5004
6

FILED

08 MAR 21 PM 1: 26

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY                    DEPUTY

7  Attorneys for Petitioner

8

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11  UNITED STATES OF AMERICA        )  Civil Case No. '08 CV 531  IEG CAB
                                    )
12                  Petitioner,     )  DECLARATION OF REVENUE OFFICER S.
            v.                      )  SILVERMAN
13                                  )
                                    )
14  LARRY K. FITCH,                 )
                                    )
15                  Respondent.     )
                                    )
16  _____)

17  I S. Silverman, a Revenue officer herein, declare:

18          1.      At all times mentioned herein, I was a duly commissioned Revenue Officer employed

19  in the small business/self-employed division of the Internal Revenue Service, with a post of duty at San

20  Diego, California.

21          2.      In my capacity as a Revenue Officer, I am conducting an investigation with respect to

22  Respondent, Larry K. Fitch, to determine the respondent's ability to pay the I.R.C. § 6672 Trust Fund

23  Recovery Penalty assessed against him for the period beginning March 1, 2001 and ending September

24  30, 2003. I am also conducting an investigation related to Respondent's continuing failure to file

25  personal income tax returns for the tax ears 2001, 2002, 2003, 2004 and 2005.  In addition, I am

26  conducting an investigation related to the collection of unpaid assessed forms 941 and 940 employment

27  tax liabilities of CFC Form Works, Inc. a corporation of which the Respondent is president, for the tax

28  period beginning October 1, 2000, and ending September 30, 2003, and an investigation related to

    Respondent's continuing failure to file forms 1120 corporation income tax returns for the tax years

1    ending September 30, 2000 through September 30, 2003, by CFC Form Works, Inc.

2    3.    In furtherance of the above investigation and in accordance with 26 U.S.C. § 7602, on

3    June 21, 2005, I issued four administrative summonses, Internal Revenue Service Form 2039, to

4    Respondent that required Respondent to appear before the Internal Revenue Service to give testimony

5    and produce documents and records described in each summons for examination. The first summons

6    related to the unpaid assessed forms 941 and 940 employment tax liabilities of CFC Form Works, Inc.,

7    a corporation of which the respondent is president, for the tax year period beginning October 1, 2000,

8    and ending September 30, 2003, (hereinafter "CFCFW Collection Summons"). A true and correct copy

9    of the CFCFW Collection Summons is attached to this declaration as Exhibit A. The second summons

10    related to the continuing failure to file forms 1120 corporation income tax returns for the tax years

11    ending September 30, 2000 through September 30, 2003 by CFC Form Works, Inc.(hereinafter

12    "CFCFW Delinquent Return Summons"). A true and correct copy of the CFCFW Delinquent Return

13    Summons is attached to this declaration as Exhibit B. The third summons related to the collection of

14    the Respondent's unpaid assessed personal income tax liability for the tax years 1992, 1995, and 1996,

15    and his assessed liability for a trust fund recovery penalty under I.R.C. § 6672 for the period ending

16    December 31, 2000. The fourth summons related to the respondent's continuing failure to file personal

17    income tax returns for the tax years 2001, 2002, 2003, and 2004. As stated below in Paragraph 6, the

18    third and fourth summonses have been superseded by new summonses issued in April 2007.

19    4.    On June 22, 2005, in accordance with 26 U.S.C. § 7603, I served an attested duplicate

20    original copy of the IRS summonses on the Respondent, by handing him the attested copy of each

21    summons at his last and usual place of abode, 13848 Honnell Way, Jamul, California 91935. A copy of

22    the Certificate of Service of each summons is attached to Exhibits A-B.

23    5.    The summonses called for the Respondent to appear before me on July 7, 2005. On July

24    7, 2005 the respondent appeared and provided a copy of a family trust document and certain 2005 bank

25    statements for accounts in the name of Natalya Luzhnikova (also known as Natalie Fitch), the

26    Respondent's wife. On July 7, 2005, at Respondent's request, I granted additional time to comply with

27    the summonses, until July 14, 2005. On July 14, 2005, Respondent and Natalie Fitch appeared and

28    provided an incomplete Internal Revenue Service Form 1040 for the taxable year 2001, certain 2001

2

1  bank statements for accounts in the name of the family trust, and a handwritten list of deposits.

2  Respondent and his wife did not provide any other documents or testimony required by the summonses.

3        6.      On September 26, 2005, attorney Karen N. Sommers of the Office of Chief Counsel,

4  Internal Revenue Service, sent a letter to Respondent ordering him to comply with the summonses and

5  directing him to appear before me on October 14, 2005, at 10:00 a.m. at 880 Front Street, Room 3293,

6  in San Diego, California.  I reviewed and maintained a copy of the letter for my records.

7        7.      On October 14, 2005, Respondent did not appear in person but contacted me by telephone

8  and stated he had no documents in response to the summonses. Respondent then asked me to meet with

9  him.  Under the circumstances I declined to meet with the respondent unless he had documents to

10  produce in compliance with the summonses.  To date, Respondent has not yet provided the other

11  documents requested in the summons.

12        8.      On April 3, 2007, in furtherance of the above investigations and in accordance with 26

13  U.S.C. § 7602, I issued two additional summonses to Respondent.  The first summons related to

14  Respondent's continuing failure to file personal income tax returns for the tax years 2001, 2002, 2003,

15  2004, and 2005 (hereinafter "Larry K. Fitch Delinquent Returns Summons"). This summons supersedes

16  and replaces the 2005 summons relating to Respondent's failure to file personal income tax returns.  A

17  true and correct copy of the Larry Fitch Delinquent Returns Summons is attached to this declaration as

18  Exhibit C.  The second summons related to Respondent's liability for a trust fund recovery penalty

19  assessed under I.R.C. § 6672 for the period beginning March 1, 2001 and ending September 30, 2003

20  (hereinafter the "Larry K. Fitch Collection Summons").  This summons supersedes and replaces the

21  prior 2005 summons relating to Respondent's unpaid assessed personal income tax liability and his

22  assessed liability for a trust fund recovery penalty under I.R.C. § 6672.  A true and correct copy of Larry

23  Fitch Collection Summons is attached to this declaration as Exhibit D.

24        9.      On April 11, 2007, I served an attested duplicate original copy of the IRS summonses

25  on the Respondent, by leaving an attested copy of each summons at his last and usual place of abode,

26  13848 Honnell Way, Jamul, California 91935. A copy of the Certificate of Service of each summons

27  is attached to Exhibits C-D.

28        10.      The summonses called for Respondent to appear before me on April 24, 2007.

1  Respondent did not appear on April 24, 2007. On April 25, 2007, Respondent sent a handwritten letter
2  to my attention and claimed that he did not receive the summonses until April 21, 2007. He added that
3  he had all the information needed to comply with the summonses and should be able to comply within
4  thirty days. To date Respondent has not provided the documents requested in the summonses.

5      11.    The books, papers, records, and other data sought by the summonses are not already in
6  the possession of the Internal Revenue Service, with the exception of the items noted in paragraph 5,
7  above.

8      12.    All administrative steps required by the Internal Revenue Code for the issuance of the
9  summonses have been taken.

10     13.    It is necessary to obtain the testimony and to examine the books, papers, records, and
11  other data sought by the CFCFW collection summons, Exhibit A, in order to determine the collectibility
12  of the unpaid assessed forms 941 and 940 employment tax liabilities of CFC Form Works, Inc. It is
13  necessary to obtain the testimony and to examine the books, papers, records, and other data sought by
14  the CFCFW delinquent returns summons, Exhibit B, in order to determine the corporation income tax
15  liability of CFC Form Works, Inc. for the tax years ending September 30, 2000 through September 30,
16  2003. It is necessary to obtain the testimony and to examine the books, papers, records, and other data
17  sought by Larry K. Fitch delinquent returns summons, Exhibit C, in order to determine the respondent's
18  income tax liabilities for the tax years 2001 through 2005. It is necessary to obtain the testimony and
19  to examine the books, papers, records, and other data sought by the Larry Fitch collection summons,
20  Exhibit D, in order to determine the collectibility of the respondent's I.R.C. § 6672 Trust Fund Recovery
21  penalty assessed against him for the period ending September 30, 2003.

22     14.    There is no Department of Justice referral in effect with respect to Larry K. Fitch or CFC
23  Form Works, Inc.

24     I declare under penalty of perjury that the foregoing is true and correct.
25     Executed this 19th day of March, 2008,

26

27                                        _S. Silverman_
                                          S. Silverman
28                                        Revenue Officer
                                          Internal Revenue Service

4