UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08cv0531 IEG (CAB) |
| ) | |
| Petitioner, ) | ORDER GRANTING PETITION TO |
| ) | ENFORCE INTERNAL REVENUE |
| v. ) | SERVICE SUMMONSES |
| ) | |
| LARRY K. FITCH, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The government has petitioned the Court for an order enforcing Internal Revenue Service Summonses issued to Respondent Larry K. Fitch. On March 26, 2008, the Court issued an order to show cause why the IRS summonses should not be judicially enforced. On April 1, 2008, the IRS served a copy of the order to show cause upon Respondent. Respondent did not file a response.

The hearing was held on the government's petition on June 2, 2008, at 10:30 a.m. The IRS was represented by Assistant United States Attorney Raven M. Norris. Respondent did not appear. For the reasons explained herein, the government's petition to enforce the summonses is granted.

BACKGROUND

On June 21, 2005, Steve Silverman, a Revenue Agent employed by the Internal Revenue Service ("IRS"), issued four summonses to Respondent Larry K. Fitch. [Declaration of Revenue Officer S. Silverman in Support of Petition, ("Silverman Decl."), ¶ 3.] The IRS is conducting an investigation regarding the personal tax liabilities of Mr. Fitch as well as the federal tax liabilities for CFC Form Works, Inc., a corporation of which Mr. Fitch is president. The first summons related to employment

1  tax liabilities of CFC Form Works, Inc., for the tax period beginning October 1, 2000, an ending
2  September 30, 2003, [Id., ¶ 3 and Exhibit A]. The second summons related to Mr. Fitch's continuing
3  failure to file corporation income tax returns for the tax years ending September 30, 2000, through
4  September 30, 2003, by CFC Form Works, Inc.  [Silverman Decl., ¶ 3 and Exhibit B.]  The third
5  summons related to the collection of Mr. Fitch's unpaid assessed personal income tax liability for the
6  tax years 1992, 1995, and 1996, and his assessed liability for a trust fund recovery penalty under
7  I.R.C. § 6672 for the period ending December 31, 2000. [Silverman Decl., ¶ 3.]  The fourth summons
8  related to Mr. Fitch's continuing failure to file personal income tax returns for the tax years 2001, 2002,
9  2003, and 2004.  [Id., ¶ 3.]  The third and fourth summonses were superseded by new summonses
10 issued in April 2007. [Id., ¶ 3.] On June 22, 2005, the IRS served attested copies of the summonses on
11 Mr. Fitch by personally handing a copy of each summons to Mr. Fitch at his last and usual place of
12 abode. [Id. at ¶ 4.]
13      The summons ordered Mr. Fitch to appear before the IRS on July 7, 2005.  On July 7, 2005,
14 Mr. Fitch appeared and provided a copy of a family trust document and certain 2005 bank statements
15 for accounts in the name of Natalya Luzhnikova (also known as Natalie Fitch), Mr. Fitch's wife.
16 [Silverman Decl., ¶ 5.] Mr. Fitch requested and received additional time to comply with the summonses.
17 [Id.]  On July 14, 2005, Mr. and Mrs. Fitch appeared and provided an incomplete Internal Revenue
18 Service form 1040 for the taxable year 2001, certain 2001 bank statements for the accounts in the name
19 of a family trust, and a handwritten list of deposits.  Mr. Fitch did not provide any other documents or
20 testimony required by the summonses. [Id.] On September 26, 2005, the IRS provided Mr. Fitch another
21 opportunity to comply with the summonses and directed him to appear before Revenue Officer
22 Silverman on October 14, 2005. [Silverman Decl., ¶ 6.] Mr. Fitch did not appear as directed and failed
23 to provide the required testimony and other documents requested in the summonses. [Id. at ¶¶ 6, 7.]
24      On April 3, 2007, in furtherance of the ongoing investigation, Revenue Officer Silverman issued
25 two updated IRS summonses directing Mr. Fitch to appear before him on April 24, 2007, in order to give
26 testimony and to produce documents and records specified in each new summons for examination.  [Id.,
27 ¶¶ 8, 10.] The first summons related to Mr. Fitch's continuing failure to file personal income tax returns
28 for the tax years 2001, 2002, 2003, 2004, and 2005 and supersedes the prior issued 2005 summons. [Id.,

¶¶ 3, 8; Exhibit C.] The second summons related to Mr. Fitch's liability for a trust fund recovery penalty assessed under I.R.C. § 6672 for the period beginning March 1, 2001 and ending September 30, 2003 and supersedes the prior 2005 summons. [Silverman Decl., ¶¶ 3, 8; Exhibit D.]  Revenue Officer Silverman served the summonses on Mr. Fitch on April 11, 2007, by leaving an attested copy of each summons at his last and usual place of abode. [Silverman Decl.,¶ 9.]  Mr. Fitch did not appear and to date, has not provided the documents requested in the summonses. [Silverman Decl., ¶ 10.] The books, records, papers, and other data sought by the summonses are not already in the possession of the IRS. [Id., ¶ 11.]

On March 21, 2008, the government petitioned the Court to enforce the summonses.  On June 2, 2008, the Court set a hearing date for this matter and ordered Mr. Fitch to show cause why he should not be compelled to comply with the IRS summons.  The IRS served this order to show cause on Mr. Fitch on April 1, 2008 and filed proof of service with the Court.  Mr. Fitch has not filed any written opposition to the government's petition.

## DISCUSSION

Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books, papers, records, or other data which may be relevant of material" in connection with "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue. . . or collecting any such liability." Section 7602(a)(1) authorizes the Secretary to issue summonses to compel persons in possession of such books, papers, records, or other data to appear and produce the same and/or give testimony.

In order to obtain judicial enforcement of an IRS summons, the United States "must first establish it's 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose.; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v. United States, 59 F.3d 117, 119(9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58(1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that Powell requirements have been met." Id. At 120.  Once the government has made a prima facie showing that enforcement of the

summons is appropriate, the burden shifts to the Respondent to show that enforcement of the summons would be an abuse of the court's process. Powell, 379 U.S. at 58. The Supreme Court has characterized respondent's burden as a heavy one. Id.

The government's petition and Revenue Agent Silverman's supporting declaration satisfies all four elements of the Powell standard. First, the IRS is conducting investigations with respect to Respondent's ability to pay the I.R.C. § 6672 Trust Fund Recovery Penalty assessed against him for the period beginning March 1, 2001 and ending September 30, 2003; Respondent's continuing failure to file personal income tax returns for the tax years 2001, 2002, 2003, 2004 and 2005; the collection of unpaid assessed employment tax liabilities of CFC Form Works for the tax period beginning October 1, 2000, and ending September 30, 2003; and Respondent's continuing failure to file corporation income tax returns for the tax years ending September 30, 2000 through September 30, 2003, by CFC Form Works. [Silverman Decl., ¶ 3]. Such investigations are expressly authorized by 26 U.S.C. § 7602(a). The Internal Revenue Code explicitly allows the issuance of summons for the purpose of determining "the liability of any person for any internal revenue tax...or collecting any such liability..." 26 U.S.C. § 7602(a). [Id., ¶ 3, Exhibits A-D.] Thus, the summonses were issued for a legitimate purpose. Second, Revenue Agent Silverman has declared in his affidavit that the information requested by the summonses may be relevant to the IRS determination of Mr. Fitch's personal tax liability and the federal tax liability of CFC Form works. [Id., ¶ 13.] Third, the IRS does not already possess the papers, records, and other data sought by the summonses issued to Mr. Fitch. [Id. ¶ 11.] Finally, the IRS has followed and exhausted all required administrative steps, but Mr. Fitch has not complied with the summonses. [Id., ¶ 12.] Thus, the government has made *prima facie* showing that it is entitled to judicial enforcement of the summons.

## CONCLUSION

For the reasons set forth herein, the government's petition to enforce the IRS summons is GRANTED. Respondent, Larry K. Fitch, is directed to appear before IRS Revenue Agent Steve Silverman or designee, on *July 2, 2008, at 9:00 a.m.*, at the offices of the Internal Revenue Service located at 880 Front Street, Suite 3255, San Diego, California, and to produce the documents and give testimony as directed in the summonses. The United States shall serve a copy of this Order upon

Mr. Fitch in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon counsel for the United States, or as soon thereafter as possible. Proof of such service shall be filed with the Clerk of Court as soon as practicable.

<u>Respondent is hereby notified that failure to comply with this Order may subject him to sanctions for contempt of court.</u>

**IT IS SO ORDERED**.

**DATED: June 3, 2008**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**